# UNITED STATES DISTRICT COURT

District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>Daniel Lee Rhees | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  2:23-cr-00017-APG-NJK-1<br>USM Number:  44359-510 |

**Date of Original Judgment:**  4/22/2025
*(Or Date of Last Amended Judgment)*

Keisha K. Matthews
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One and Two of the Criminal Information

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2251(a) and (e) | Sexual Exploitation of Children; Forfeiture | 12/16/2020 | 1 |
| 18 USC 2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography; Forfeiture | 12/16/2020 | 2 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/28/2026
Date of Imposition of Judgment

Signature of Judge

ANDREW P. GORDON, CHIEF U.S. DISTRICT JUDGE
Name and Title of Judge

April 29, 2026
Date

DEFENDANT:    Daniel Lee Rhees
CASE NUMBER: 2:23-cr-00017-APG-NJK-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
220 months, per counts 1 and 2, concurrent, and concurrent with State Docket No.: C-22-369258-1

☑  The court makes the following recommendations to the Bureau of Prisons:
   Based on programming, the Court recommends the defendant be permitted to serve his term of incarceration at FCI Englewood.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐  at _____  ☐  a.m.  ☐  p.m.  on _____ .

   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before 2 p.m. on _____ .

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
   DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 11/23)   Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release                                                            (NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___3___ of ___8___

DEFENDANT:       Daniel Lee Rhees
CASE NUMBER:  2:23-cr-00017-APG-NJK-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

15 years per count, concurrent

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 11/23)  Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page  4  of  8

DEFENDANT:  Daniel Lee Rhees
CASE NUMBER: 2:23-cr-00017-APG-NJK-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245C (Rev. 11/23)   Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___5___ of ___8___

DEFENDANT:        Daniel Lee Rhees
CASE NUMBER: 2:23-cr-00017-APG-NJK-1

## SPECIAL CONDITIONS OF SUPERVISION

1. Minor Prohibition – You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, inperson communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

2. Employment With USPO Approval – You must not work in any type of employment without the prior approval of the probation officer.

3. No Contact – You must not communicate, or otherwise interact, with VICTIM 1 and VICTIM 2, either directly or through someone else, without first obtaining the permission of the probation office.

4. Place Restriction – Children Under 18 – You must not go to, or remain at, any place primarily used by children under the age of 18, unless you have the express prior permission of your Probation Officer. Examples of such prohibited places include parks, schools, playgrounds, and childcare facilities.

5. Search and Seizure – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

6. No Pornography - You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256(5)), or any photograph, film, video, picture, or computer or computergenerated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. These restrictions do not apply to materials necessary to, and used for, any future appeals, or any collateral attack, or for materials prepared or used for the purposes of sex-offender treatment.

7. Sex Offender Treatment – You must participate in a sex offense-specific treatment program [Outpatient], and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

8. Polygraph Testing – You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

AO 245C (Rev. 11/23)  Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___6___ of ___8___

DEFENDANT:        Daniel Lee Rhees
CASE NUMBER:  2:23-cr-00017-APG-NJK-1

## SPECIAL CONDITIONS OF SUPERVISION

9. Computer Monitoring – To enable the Computer Search Condition, you must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to the installation of computer monitoring software by the probation officer.

10. Computer Search – Monitoring Software – To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030 (e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation.

You must warn any other people who use these monitored devices that the devices may be subject to searches pursuant to this condition.

This condition excludes any electronic devices which cannot (i) create, access, store, view, or transmit material with visual depictions of sexually explicit conduct, (ii) create, access, store, view, or transmit communications with third-party individuals; or (iii) access, utilize, or view third-party applications that allow for data storage (e.g., cloud storage applications), electronic communications (e.g., text messaging applications), or the depiction of sexually explicit conduct (e.g. social media applications).

DEFENDANT:    Daniel Lee Rhees
CASE NUMBER:   2:23-cr-00017-APG-NJK-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 45,000.00 | $ 0.00 | $ 2,000.00 | $ 10,000.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| (sealed restitution list attached) | | | |

| | | | | |
|---|---|---|---|---|
| **TOTALS** | $ | 0.00 | $ | 0.00 |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/23) Amended Judgment in a Criminal Case
   Sheet 6 — Schedule of Payments                (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   8   of   8

DEFENDANT:   Daniel Lee Rhees
CASE NUMBER: 2:23-cr-00017-APG-NJK-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $  57,200.00  due immediately, balance due

   ☐ not later than        , or
   ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal      (e.g., weekly, monthly, quarterly) installments of $      over a period of      (e.g., months or years), to commence      (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal      (e.g., weekly, monthly, quarterly) installments of $      over a period of      (e.g., months or years), to commence      (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within      (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

   It is further recommended that any unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the Court based upon ability to pay. In the event of a material change in the Defendant's financial circumstances, either party may move the Court to modify the payment schedule.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate. |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
  (see attached Final Order of Forfeiture)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

FILED ✓   RECEIVED
ENTERED   SERVED ON
COUNSEL/PARTIES OF RECORD

April 22, 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:23-CR-017-APG-NJK |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| DANIEL LEE RHEES, | |
| Defendant. | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(1) and (b)(2) and 18 U.S.C. § 2253(a)(1) and 2253(a)(3) based upon the plea of guilty by Daniel Lee Rhees to the criminal offenses, forfeiting the property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information and shown by the United States to have the requisite nexus to the offenses to which Daniel Lee Rhees pled guilty. Criminal Information, ECF No. 32; Plea Agreement, ECF No. 34; Arraignment & Plea, ECF No. 35; Preliminary Order of Forfeiture, ECF No. 38.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from May 26, 2023, through June 24, 2023, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication Exhibits, ECF No. 40-1, p. 5.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending regarding the property named herein and the time has expired for presenting such petitions.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 2253(a)(1) and 2253(a)(3); and 21 U.S.C. § 853(n)(7) and shall be disposed of according to law:

1. a Mac Book Laptop, bearing serial number C02550KYG8WM;

2. a Nokia 32GB cell phone, bearing serial number 359001090443529;

3. a Western Digital hard drive, bearing serial number WCASYF443790; and

4. an Apple iPhone, bearing IMEI number 357348091617532

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that under Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(7), all possessory rights, ownership rights, and all rights, titles, and interests in the property are extinguished and are not recognized for Daniel Lee Rhees and all third parties.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED April 22, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2